DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
  Daniel H. Leigh (SBN 310673)
  *danielleigh@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*The Kroger Co.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MARY ANTOSSYAN, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO.,<br><br>Defendant. | Case No. 2:25-CV-5165<br><br>**DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Los Angeles, Case No. 25STCV12963]<br><br>Compl. Filed:   May 2, 2025<br>Action Removed: June 6, 2025 |

THE KROGER CO.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**TO THE CLERK AND TO PLAINTIFF AND HER ATTORNEYS:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Kroger Co. (Kroger) hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

### State Court Action

1. On May 2, 2025, Plaintiff Mary Antossyan commenced this action in the Superior Court of the State of California, County of Los Angeles, captioned *Mary Antossyan v. The Kroger Co.*, Case No. 25STCV12963 (the State Court Action). A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit 1**. Ms. Antossyan served the Complaint on Kroger on May 9, 2025.

2. Ms. Antossyan alleges that she purchased a one variety of Kroger's Simple Truth Fruit & Grain Bars (Cereal Bars) from a Ralphs store in Los Angeles County, California. (Compl. ¶ 15.) She contends that the Cereal Bars are misleadingly labeled because the labels advertise "no preservatives" despite the Cereal Bars containing citric acid, which allegedly functions as a preservative in some contexts. (*Id.* ¶¶ 9, 10.) Ms. Antossyan brings claims regarding "all varieties" of the Cereal Bars and seeks to represent a putative nationwide class and a California subclass. (*Id.* ¶¶ 9, 33, 34.)

3. Ms. Anytossyan brings claims on behalf of the putative nationwide class for violation of California's False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*, and Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq*. Ms. Antossyan seeks, *inter alia*, "full restitution of all funds" she and putative class member paid Kroger for Cereal Bars from four years before her Complaint was filed to the present; "[a]ll reasonable and necessary attorneys' fees and costs"; an "order requiring Defendant to engage in corrective advertising"; and

1

THE KROGER CO.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

"an order requiring [Kroger] to immediately cease" its allegedly wrongful conduct. (*Id.* ¶¶ 57, 75, p. 12.)

    4.    All pleadings, processes, and orders served upon or received by Kroger in the State Court Action or found on the docket in that action are attached hereto.

    a.    The **Class Action Complaint** is attached hereto as **Exhibit 1**;

    b.    The **Summons** is attached hereto as **Exhibit 2**;

    c.    The **Notice of Case Assignment, Unlimited Civil Case** is attached hereto as **Exhibit 3**;

    d.    The **Civil Case Cover Sheet** is attached hereto as **Exhibit 4**;

    e.    The **Alternative Dispute Resolution (ADR) Information Package** is attached hereto as **Exhibit 5**;

    f.    The **Peremptory Challenge to Judicial Officer** is attached hereto as **Exhibit 6**;

    g.    The **May 8, 2025 Minute Order** is attached hereto as **Exhibit 7**;

    h.    The **May 8, 2025 Certificate of Mailing** is attached hereto as **Exhibit 8**;

    i.    The **May 20, 2025 Minute Order** is attached hereto as **Exhibit 9**;

    j.    The **May 20, 2025 Certificate of Mailing** is attached hereto as **Exhibit 10**;

    k.    The **Order re Complex Determination** is attached hereto as **Exhibit 11**;

    l.    The **Initial Status Conference Order** is attached hereto as **Exhibit 12**;

    m.    The **June 2, 2025 Certificate of Mailing** is attached hereto as **Exhibit 13**;

    n.    A copy of the docket in the State Court Action is attached hereto as **Exhibit 14.**

2

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

THE KROGER CO.'S NOTICE OF REMOVAL

5. The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. §§ 1332(a) & 1332(d)(2), and the Central District of California encompasses the location in which the State Court Action is currently pending (i.e., Los Angeles, California).  *See* 28 U.S.C. § 1332(a); *id.* § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."); *id.* § 84(c)(2) (setting the County of Los Angeles in the Central District – Western Division).

**The Action Is Removable Under the Class Action Fairness Act**

6. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA).  CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences."  151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005).  CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance."  28 U.S.C. § 1711, stat. note, subd. (b)(2).

7. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5 million; and

3

THE KROGER CO.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

(4) no exception to jurisdiction applies. *See* 28 U.S.C. § 1332(d). As explained below, each of these requirements is satisfied in this case.

### *The Minimal Diversity Requirement Is Satisfied*

9. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10. Ms. Antossyan is a citizen and resident of California. (Compl. ¶ 5.) The putative class and sub-class Ms. Antossyan seeks to represent include (1) "All persons within the United States who purchased [Cereal Bars] within four years prior to the filing of the Complaint through to the date of class certification" (*id.* ¶ 33); and (2) "All persons within California who purchased [Cereal Bars] within four years prior to the filing of the Complaint through to the date of class certification" (*id.* ¶ 34).

11. Kroger is an Ohio corporation with its headquarters and principal place of business in Cincinnati, Ohio. (*See id.* ¶ 6.) A corporation is a citizen of every state in which it is incorporated and of the state it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, Kroger is a citizen of Ohio for purposes of determining diversity.

12. Sufficient (and minimal) diversity of citizenship exists between the relevant parties in this case.

### *Plaintiff's Proposed Class Exceeds 100 Members*

13. This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]"

4

THE KROGER CO.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

14. To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

15. According to Ms. Antossyan, the putative class and subclass "include[s] thousands, if not millions of members." (Compl. ¶ 36.)

16. The members of Ms. Antossyan's proposed class and subclass exceed 100 in number.

### *The Amount in Controversy Exceeds $5 Million*

17. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

18. For purposes of removal only, and without conceding that Ms. Antossyan or the putative class or subclass are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharm., Inc.*, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (emphasis in original; alterations and quotations omitted).

19. Ms. Antossyan alleges, in the alternative, that she and putative class members "would not have purchased" Cereal Bars had they known they contain citric acid (Compl. ¶ 22), and she seeks "full restitution of all funds acquired from Plaintiff and Class and Sub-Class Members from the sale of misbranded [Cereal

5

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

THE KROGER CO.'S NOTICE OF REMOVAL

Bars] during the relevant class period" (Compl. p. 12). During the alleged class period, total sales of Cereal Bars—sold nationwide at all stores in all states, for the over four years captured by the complaint—have exceeded $4,000,000. Without conceding that the alleged measure of damages would be the proper measure of relief for any of the claims, it is reasonably possible that aggregated restitution for the putative nationwide class would exceed $4,000,000 in liability based on the claims made in the Complaint.

20. In the Ninth Circuit, attorneys' fees may be included in the amount in controversy. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). "The Ninth Circuit has established a 'benchmark' of 25 percent for awards of attorneys' fees in common fund cases." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297 (9th Cir. 1995); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (same); *Gutierrez v. Amplify Energy Corp.*, 2023 WL 3071198, at *3 (C.D. Cal. Apr. 24, 2023) (same). Thus, attorneys' fees in the amount of 25 percent of the possible common fund should be included in the amount in controversy here. Because it is reasonably possible that the common fund could exceed $4,000,000 in classwide restitution, attorneys' fees would amount to at least $1,000,000. This comports with numerous class action cases involving California consumer protection statute causes of action (such as claims under the UCL and FAL) and allegations of false or misleading sales practices, where attorneys have sought in excess of $1,000,000 in attorneys' fees. *See, e.g.*, *Hendricks v. Starkist Co.*, 2016 WL 5462423, at *10 (N.D. Cal. Sep. 29, 2016) (UCL, CLRA, false advertising, and implied warranty consumer protection class action; seeking approval of $4 million in fees); *Brown v. Hain Celestial Grp., Inc.*, 2016 WL 631880, at *7 (N.D. Cal. Feb. 17, 2016) (UCL and CLRA consumer protection class action; seeking approval in excess of $3 million in fees); *Retta v. Millennium Prods., Inc.*, 2017 WL 5479637, at *11 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million).

6

THE KROGER CO.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

21. The Complaint also seeks punitive damages. (Compl. at p. 12.) The Court may consider punitive damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Gibson v. Chrysler Corp*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy). Any such punitive damages would be substantial and further confirm that the amount-in-controversy is exceeded.

22. Injunctive relief also makes the case exceed the amount-in-controversy. "When the plaintiff seeks injunctive relief, the cost of complying with the injunction is included in the amount in controversy." *Martinez v. Johnson & Johnson Cons., Inc.*, 471 F. Supp. 3d 1003, 1007 (C.D. Cal. 2020) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)). If injunctive relief were granted, it would involve changing the labels and marketing of the Cereal Bars nationwide. (*See* Compl. ¶¶ 57, 75.) Moreover, Ms. Antossyan seeks and "order requiring [Kroger] to engage in corrective advertising." (*Id.* p. 12.) The cost of any such proposed injunction (e.g., corrective advertising, revisions to labels and marketing, additional disclosures, and impacts resulting from the changes in marketing and labels) would be substantial and further indicates the amount-in-controversy is exceeded.

23. In sum, based on the remedies Ms. Antossyan seeks, the amount in controversy exceeds $5,000,000.

### *Exceptions to Jurisdiction Do Not Apply*

24. The complete diversity between Ms. Antossyan and Kroger not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), exemptions for which Ms. Antossyan would bear the burden of proof in any event.

7

THE KROGER CO.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### This Action Is Also Removable Based on Diversity, 28 U.S.C. § 1332(a)

25. For the same reasons stated above, the Court has original jurisdiction of this action because Ms. Antossyan's claims alone exceed the $75,000 threshold for individual actions. *See* 28 U.S.C. § 1332(a).

26. As explained above, Ms. Antossyan and Kroger are citizens of different states.

27. Ms. Antossyan's individual claims also exceed $75,000 based on her individual requests for monetary restitution, injunctive relief, and attorneys' fees. For instance, Ms. Antossyan seeks an "order requiring Defendant to engage in corrective advertising" and "an order requiring [Kroger] to immediately cease" its allegedly wrongful conduct. (Compl. ¶¶ 57, 75, p. 12.) The cost to Kroger to change the labels of its existing stock of Cereal Bars nationwide and of new products to be sold, along with the costs of a reasonable corrective advertising campaign, would exceed $75,000.

### Kroger Satisfies the Requirements of 28 U.S.C. § 1446

28. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

29. This Notice of Removal has been filed within 30 days of May 9, 2025, the date Ms. Antossyan served the Complaint on Kroger. *See* 28 U.S.C. § 1446(b)(2)(B).

30. Concurrently with the filing of this Notice, Kroger is giving written notice to all adverse parties of the filing of this Notice. Additionally, a copy of the Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles. *See* 28 U.S.C. § 1446(d).

31. The removal of this action terminates all proceedings in the Superior Court of the State of California, County of Los Angeles. *Id.*

8

THE KROGER CO.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

32. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Kroger's right to assert any defenses or objections, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the above-entitled action is removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED: June 6, 2025

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
   Jacob M. Harper
   Heather F. Canner
   Daniel H. Leigh

*Attorneys for Defendant*
*The Kroger Co.*

9

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

THE KROGER CO.'S NOTICE OF REMOVAL

# PROOF OF SERVICE BY U.S. MAIL

I am employed in the Los Angeles County, California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 350 South Grand Avenue, 27th Floor, Los Angeles, California 90071.

On June 6, 2025, I served the foregoing documents as follows:

**DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL**

by placing a **true copy** of said document enclosed in a sealed envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> Todd M. Friedman (SBN 216752)
> Adrian R. Bacon (SBN 280332)
> **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
> 21031 Ventura Blvd Suite 340
> Woodland Hills, CA 91364

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 6, 2025, at Los Angeles, California.

*Lina Pearmain*
Print Name                                      Signature

10

THE KROGER CO.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899